UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-23533-CIV-MORENO**

LESLIE STUART, et al.,

    Plaintiff,

vs.

UNITED STATES GOVERNMENT, et al.,

    Defendant.

_____/

## FINAL ORDER OF DISMISSAL
## DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon Plaintiff's First Amended Complaint (**D.E. No. 7**), filed **October 17, 2012**.

Plaintiff has filed an amended complaint after the Court dismissed his initial complaint *sua sponte* for failure to comply with Fed. R. Civ. P. 10(b). (**D.E. No. 5**). Plaintiff's amended complaint alleges that he was unlawfully denied entry into the United States by U.S. Department of Homeland Security officers on March 29, 2010 and that he suffered damages as a result. (**D.E. No. 7 at ¶¶ 17, 49-60**).

THE COURT, having considered the notice and the pertinent portions of the record, and being otherwise fully advised in the premises, finds that it lacks subject matter jurisdiction to hear this case. Accordingly, the case is dismissed without prejudice.

The doctrine of consular nonreviewability holds that a consular official's decision to issue or withhold a visa is not subject to judicial review. *De Castro v. Fairman*, 164 Fed. Appx. 930, 932, 2006 WL 229022, *1 (11th Cir. 2006) (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C.Cir.1999)). Here, the Plaintiff alleges that he was unlawfully denied admission into the United States while attempting to board a flight from Freeport, Bahamas to Fort Lauderdale, Florida. (**D.E. No. 7 at ¶ 17**). Plaintiff further alleges that U.S. Department of Homeland Security officers falsified documentation in order to bar Mr. Leslie's entry into the United States for a period of three (3) years based on a previous visa overstay. (*Id.* at ¶ 23).

The United States Court of Appeals for the Eleventh Circuit has recognized the doctrine of consular nonreviewability. *De Castro*, 2006 WL 229022 at *1. Accordingly, this court lacks jurisdiction to review the decisions of consular officers or their functional equivalents. *See Doan v. Immigration and Naturalization Serv.*, 160 F.3d 508, 509 (8th Cir.1998) (holding that decision of U.S. Immigration and Naturalization Service district director, who was functional equivalent of a consular official, in denying visa-related waiver was not subject to judicial review because there was no clear statutory grant of authority); *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986) ("[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review."); *Burrafato v. United States Dep't of State*, 523 F.2d 554, 556 n. 2 (2d Cir.1975) (recognizing that court would lack jurisdiction to review denial of visa application by consul in Palermo, Italy).

Because the Court lacks jurisdiction to review the U.S. Department of Homeland Security's determination that Mr. Leslie was inadmissible, it is

**ADJUDGED** that this Cause is **DISMISSED** without prejudice. Further, all pending motions are DENIED as MOOT, including Plaintiff's Motion for Injunctive Relief **(D.E. No. 6)**, filed <u>**October 17, 2012**</u>.

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of October, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Leslie Stuart
#6 Port Del Mer
Winton Meadows
PO Box N1671
Nassau, Bahamas
PRO SE